IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LEE TUNSTALL, JR.,

    Petitioner,                      No. 2:11-cv-1816 KJM KJN P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,                ORDER AND

    Respondents.               FINDINGS AND RECOMMENDATION

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus[1] pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma

---

[1] Petitioner also raises claims concerning the conditions of his confinement. For example, petitioner alleges (1) he was subjected to medical malpractice, (2) he was overdosed on trazadone, and (3) he was not provided 72 hour observation after an alleged suicide attempt. Petitioner is advised that claims concerning conditions of confinement are more appropriately brought in a civil rights complaint pursuant to 42 U.S.C. § 1983. For example, petitioner filed a civil rights complaint in this district, 2:11-cv-1730 WBS DAD, in which petitioner seeks monetary damages for the Department of Corrections' alleged violation of petitioner's constitutional rights during an extradition on April 27, 2011. (Id., Dkt. No. 1 at 3.) A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). Petitions for writ of habeas corpus may challenge only the fact or duration of an inmate's confinement.

1  pauperis pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the

2  showing required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be

3  granted.  28 U.S.C. § 1915(a).

4         The exhaustion of state court remedies is a prerequisite to the granting of a

5  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

6  be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion,

7  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

8  providing the highest state court with a full and fair opportunity to consider all claims before

9  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

10  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

11         After reviewing the petition for habeas corpus, the court finds that petitioner has

12  failed to exhaust state court remedies.  The claims have not been presented to the California

13  Supreme Court.  Further, there is no allegation that state court remedies are no longer available to

14  petitioner.  Accordingly, the petition should be dismissed without prejudice.[3]

15         Good cause appearing, IT IS HEREBY ORDERED that:

16         1. Petitioner is granted leave to proceed in forma pauperis;

17         2. The Clerk of the Court is directed to serve a copy of these findings and

18  recommendations together with a copy of the petition filed in the instant case on the Attorney

19  General of the State of California; and

20  ////

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1  IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tuns1816.103